UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 05-244 (JRT/SRN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| BRODIE WAYNE LOEFFLER, MATTHEW LLOYD SJOTHUN, and DEREK JAMES TANBERG, | |
| Defendants. | |

---

Thomas M. Hollenhorst, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Minneapolis, Minnesota 55415, for plaintiff.

Gary R. Bryant-Wolf, **BRYANT-WOLF LAW OFFICE**, 247 Third Avenue South, Minneapolis, Minnesota, 55402, for defendant Brodie Wayne Loeffler.

Jerry Strauss and Rachael A. Goldberger, **STRAUSS & ASSOCIATES**, 250 Second Avenue South, Suite 110, Minneapolis, Minnesota 55403, for defendant Matthew Lloyd Sjothun.

Barry Vaughan Voss, **BARRY V. VOSS, PA**, 527 Marquette Avenue South, Suite 1050, Minneapolis, MN, and Robert G. Davis, **ROBERT G. DAVIS LAW OFFICE**, 270 North Grain Exchange Building, 301 Fourth Avenue South, Minneapolis, Minnesota 55417, for defendant Derek James Tanberg.

Defendants are each charged with conspiracy to manufacture, distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B) and 846.[1]   Defendant Sjothun is also charged with distribution, manufacturing, and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D) and 18 U.S.C. § 2.  Defendant Tanberg is also charged with manufacturing and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  In addition, the prosecution alleges forfeiture under 21 U.S.C. § 853(p).  Defendants move to suppress evidence.  Following a hearing, United States Magistrate Judge Susan Richard Nelson recommended denying defendants' motions.  Currently before the Court are Sjothun's and Tanberg's objections to the Magistrate Judge's report and recommendation dated September 9, 2005.  The Court has conducted a *de novo* review of defendants' objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules defendants' objections and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

Law enforcement officials conducted a long-term undercover investigation of an alleged marijuana distribution conspiracy involving Loeffler, Sjothun and Tanberg, as well as another individual named Justin Cholupek.  One of the law enforcement officials involved with the investigation was Deputy Fleck, who has been a deputy sheriff in Hennepin County since 1999 and was assigned to the narcotics team during the relevant

---

[1] Defendant Loeffler has since entered into a plea agreement with the prosecution. Accordingly, the Court will not consider his objections to the Report and Recommendation.

time period. The following background information was taken from Deputy Fleck's affidavit in support of the search warrants that are at issue here.

Deputy Fleck's affidavit recounts that, on November 24, 2004, Loeffler was observed leaving a residence in Plymouth carrying a duffel bag and getting into a truck parked at the residence. Cholupek owned both the truck and the residence. Loeffler drove from the Plymouth property to Tanberg's residence in Minneapolis and entered Tanberg's residence with the duffel bag. Deputy Fleck's affidavit states that Loeffler was observed meeting with a man "believed to be" Tanberg at that time.

Shortly after the meeting between Loeffler and Tanberg, Deputy Fleck spoke to an informant, who had provided reliable information in the past, and who had knowledge of this particular marijuana ring. The informant told Deputy Fleck that Loeffler had been bragging about a ten-pound marijuana delivery.

Later, in March 2005, Deputy Fleck made three undercover purchases of marijuana from Loeffler. For the first two purchases, Loeffler told Deputy Fleck that he needed to pick up the marijuana over lunch. In both instances Loeffler was observed leaving his work, driving to Cholupek's Plymouth property in a truck, retrieving a duffel bag from the Plymouth property, and driving back to his work, where he later sold the marijuana – contained in the duffel bag – to Deputy Fleck.

Deputy Fleck made the third marijuana purchase on March 23, 2005. Deputy Fleck requested a greater amount of marijuana for this transaction – five pounds – and Loeffler told Deputy Fleck that he could provide the marijuana, but that his "guy" needed to pick up more marijuana for the order. Surveillance had previously been set up at

Loeffler's work and at the Plymouth property, and observed Sjothun leaving the Plymouth property in a Cadillac Escalade. Sjothun had previously been observed driving the Escalade. Sjothun drove to a property in Prior Lake. Cholupek also owned the Prior Lake property, however, Sjothun listed the property as his residence with the Minnesota Department of Motor Vehicles. Sjothun then drove from the Prior Lake property to Loeffler's work, and placed a duffel bag inside Loeffler's truck. After he dropped off the duffel bag, Sjothun drove back to the Plymouth property. Loeffler later removed the duffel bag, which contained marijuana, and gave it to Deputy Fleck in exchange for cash.

After these three purchases, Deputy Fleck began negotiating a large marijuana purchase with Loeffler. On April 25, 2005, Loeffler told Deputy Fleck that he would need one more day to get the marijuana. That same day, Sjothun was observed standing in the driveway with the Escalade at a property in Eden Prairie. Cholupek also owned this property. The next day, both Sjothun's Escalade and Tanberg's car were parked at Cholupek's Eden Prairie property.

In addition to these events, Deputy Fleck knew from his training and experience that narcotics transactions usually involve cash, which narcotics dealers often attempt to conceal by purchasing multiple properties. Deputy Fleck also knew from his training and experience that dealers often keep documents and records detailing their transactions at the properties they own.

Based on this information, Deputy Fleck submitted an application and supporting affidavit for seven search warrants on April 28, 2005. His affidavit (which was the same for each warrant application), recounted the allegations as set forth above. The warrants

4

covered four properties (Tanberg's residence in Minneapolis and Cholupek's Plymouth, Prior Lake and Eden Prairie properties), two vehicles (Loeffler's truck and Sjothun's Escalade), and Sjothun's person. The search warrant applications alleged the existence of controlled substances, or documents relating to controlled substances, at those locations.

On May 5, 2005, Deputy Fleck executed the search warrant for documents at Tanberg's residence. During the search, officers observed marijuana plants in the house. They froze the premises, and Deputy Fleck submitted another warrant application and supporting affidavit for Tanberg's residence that alleged the existence of marijuana plants at Tanberg's residence. Deputy Fleck's affidavit for this warrant application was identical to his previous affidavit, except that a paragraph had been added regarding the marijuana plants. The second warrant was subsequently issued and executed, and the marijuana plants were seized.

The search warrants for the Prior Lake property (Sjothun's residence, owned by Cholupek), the Escalade (driven by Sjothun), and Sjothun's person were also executed on May 5, 2005. Evidence of illicit activity was obtained during those searches.

**ANALYSIS**

**I.  MOTION TO SUPPRESS EVIDENCE**

Tanberg objects to the Magistrate Judge's denial of his motion to suppress evidence obtained during the search of his residence, arguing that the affidavit failed to establish probable cause, that the warrant was impermissibly based on stale information, and that Deputy Fleck could not have relied in good faith on the warrant. Sjothun also

objects to the Magistrate Judge's denial of his motion to suppress. Because the warrant and affidavit at issue are identical for both Tanberg and Sjothun, the Court will consider their objections jointly. As explained fully below, the warrants were supported by probable cause, and the evidence is not suppressed.

Probable cause supports a warrant if, based on the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in the place to be searched." *United States v. Hernandez Leon*, 379 F.3d 1024, 1027 (8th Cir. 2004) (quoting *United States v. Mahler*, 141 F.3d 811, 813 (8th Cir. 1998)). Although probable cause must exist at the time a warrant is sought, the "mere lapse of time" between the stated information and the request for a warrant is not controlling. *United States v. Macklin*, 902 F.2d 1320, 1326 (8th Cir. 1990). Where the nature of the criminal activity involved is continuous and ongoing, as with a drug conspiracy, any lapse of time between events alleged in the affidavit is less significant. *Id.* (citing *United States v. Jones*, 801 F.2d 304, 314 (8th Cir. 1986)).

In reviewing the decision of the court issuing a warrant, the duty of this Court is simply to ensure that the issuing court had a substantial basis for concluding that probable cause existed. *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir. 2003) (citing Illinois v. Gates, 462 U.S. 213, 236, 238-39 (1983)). The Court accords "great deference" to the issuing court's determination. *Id.* In addition, if a warrant is later found to lack probable cause, evidence will not be suppressed if the police acted in good faith reliance on a search warrant issued by a neutral and detached magistrate. *United States v. Leon*, 468 U.S. 897, 922-23 (1984).

6

In this case, the contents of the search warrant application and affidavit provided probable case for the search of Tanberg's residence and Sjothun's residence, car and person.  As discussed above, law enforcement officials had investigated Tanberg, Loeffler, Sjothun and Cholupek as part of an alleged marijuana distribution ring.  Deputy Fleck's affidavit details numerous connections between and among those individuals. Such connections are especially relevant in a case, such as this one, alleging that those individuals were involved in an ongoing criminal conspiracy.  Moreover, because defendants were suspected of being involved in an ongoing conspiracy, the relatively short lapse of time between events alleged in Deputy Fleck's affidavit does not render the earlier events – such as Tanberg's meeting with Loeffler at Tanberg's residence – stale or irrelevant to a finding of probable cause.  Finally, Tanberg's argument that Deputy Fleck's affidavit does not allege probable cause because the affidavit states that Loeffler met with a man "believed to be" Tanberg, as opposed to simply stating that Loeffler met with Tanberg, is unavailing.  That argument relies on a hypertechnical interpretation of what appears to be boilerplate language in such an affidavit.

In sum, the nature of the crime being investigated, the events and connections involving defendants, together with an informant's tip and Deputy Fleck's training and experience, indicated a fair probability that the officers would find evidence of marijuana, or documents relating to the marijuana ring, in Tanberg's residence and in Sjothun's residence, vehicle and person.  Based on the totality of the circumstances, the Court holds that the search warrants were supported by probable cause.  Further, even if this Court were to determine that the search warrants lacked probable cause, there is nothing to

indicate that Deputy Fleck and the law enforcement officers did not act in good faith on a facially valid warrant.  Accordingly, the evidence will not be suppressed.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant Tanberg's objections [Docket No. 93] and defendant Sjothun's objections [Docket No. 91], and **ADOPTS** the Report and Recommendation [Docket Nos. 89 and 90].  Accordingly, **IT IS HEREBY ORDERED** that defendant Tanberg's Motion to Suppress Evidence [Docket No. 51] and defendant Sjothun's Motion to Suppress All Evidence [Docket No. 39] are **DENIED**.  **IT IS FURTHER ORDERED** that defendant Loeffler's Motions to Suppress [Docket Nos. 66 and 67] are **DENIED as moot**.


DATED: October 26, 2005                                           s/John R. Tunheim
at Minneapolis, Minnesota.                                        JOHN R. TUNHEIM
                                                                  United States District Judge